Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
E-mail: ron.richman@bullivant.com
E-mail: susan.olson@bullivant.com
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CONCRETE SURFACING SYSTEMS, INC., a California corporation; RODNEY EUGENE SCOTT, an Individual; and DOES 1-10,<br><br>            Defendants. | Case No.: C 07-06301 PJH<br><br>**AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, FOR BREACH OF FIDUCIARY DUTY AND FOR A MANDATORY INJUNCTION**<br><br>**[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(g)(2), 1145]** |

Now come the Plaintiffs, hereinabove named, and for their causes of action against

Defendants, and each of them, allege as follows:

## I. JURISDICTION AND VENUE

1.    This is an action for damages for breach of the collective bargaining agreement

described below, for recovery of unpaid trust fund contributions, for breach of fiduciary duty

1  and for injunctive relief.  This Court has jurisdiction of the action under and pursuant to the

2  provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as

3  amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the

4  Employee Retirement Income Security Act of 1974, as amended) ("ERISA").  The suit arises

5  from the defendants' failure to make trust fund contributions as required by its collective

6  bargaining agreements, by the written trust agreements and by provisions of federal law.

7       2.     Venue of the within action is properly laid in the U.S. District Court for the

8  Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),

9  contributions are made to, and benefits are paid from, a corporate co-trustee bank in the

10  Northern District of California.

## II. PARTIES

12       3.     The Laborers Health and Welfare Trust Fund for Northern California, Laborers

13  Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for

14  Northern California, and Laborers Training and Retraining Trust Fund for Northern California

15  are the Plaintiffs herein.  The Laborers Health and Welfare Trust Fund for Northern California,

16  Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund

17  for Northern California, and Laborers Training and Retraining Trust Fund for Northern

18  California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of

19  §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29

20  U.S.C. §§ 186(c)(5) and 186(c)(6).  The Trust Funds were established through collective

21  bargaining agreements between the Northern California District Council of Laborers and

22  employer associations representing construction industry employers doing business in Northern

23  California.  The Trust Funds are employee benefit plans created by written trust agreements

24  subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The

25  Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

26       4.     Each of the Trust Funds is a third party beneficiary of the collective bargaining

27  agreement described below.

28

5.    At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C.§ 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6.    The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.    Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Concrete Surfacing Systems, Inc. ("Concrete Surfacing Systems") was a California corporation with its principal place of business located in Rancho Cordova, California.  Plaintiffs are further informed and believe, and upon that ground allege, that Concrete Surfacing Systems, is and has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.  Plaintiffs are informed and believe, and upon that ground allege, that at all relevant times, defendant Rodney Eugene Scott was an individual who solely owned, operated and controlled Concrete Surfacing Systems and that Rodney Eugene Scott acted directly or indirectly in the interest of Concrete Surfacing Systems with respect to the plaintiff employee benefit plans.  Plaintiffs are informed and believe, and on that ground allege, that at all relevant times defendants constituted a single employer.

### III.    FIRST CLAIM FOR RELIEF

### (Breach of Collective Bargaining Agreement)

8.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

9.    By virtue of Rodney Eugene Scott having signed a memorandum agreement on or about September 28, 2005, defendants became bound to a written collective bargaining

AMENDED COMPLAINT FOR DAMAGES

1  agreement with the Northern California District Council of Laborers ("Laborers Union")

2  referred to as the Master Agreement For 2002-2006 ("Master Agreement"). In agreeing to be

3  bound to the Master Agreement, defendants further agreed to be subject to and bound by all

4  provisions and conditions of the written Trust Agreements which established the trust funds.

5  Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms

6  relating to wages, hours and conditions of employment prescribed therein with the Laborers

7  Union.

8      10.    By virtue of the Master Agreement and written trust agreements, defendants

9  promised and agreed that:  (1) they would pay employee fringe benefit contributions into each

10  Trust Fund in regular monthly installments commencing on or before the 15th day of the month

11  immediately succeeding the month in which the employee's work was performed; (2) that in the

12  event that any of said monthly installments were not paid in full on or before the 25th day of the

13  month in which such contributions became due, they would pay interest on the delinquent

14  contribution in the amount of 1.5% per month until paid in full, and would also pay the amount

15  of $150.00 for each delinquent contribution as liquidated damages, and not as a penalty; and (3)

16  that if any suit with respect to any of said contributions or payments were filed against them,

17  defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses

18  incurred in connection with such suit.

19      11.    The Master Agreement between the Laborers Union and Concrete Surfacing

20  Systems has never been terminated.

21      12.    Plaintiffs have performed all conditions, covenants and promises on their part to

22  be performed in accordance with the terms and conditions of the Master Agreement and Trust

23  Agreements.

24      13.    Within two years last past, defendants materially breached and broke the

25  aforesaid Master Agreement and trust agreements in the following respects:

26          a.    by failing to pay all employee fringe benefit contributions reported into

27              each Trust Fund (reported, not paid) for the period November,

28

AMENDED COMPLAINT FOR DAMAGES

1    December 2006, and January – June, 2007 in the principal amount of

2    $20,413.06;

3        b.  by failing to pay interest and liquidated damages on the unpaid and

4            delinquent employee fringe benefit contributions, in an amount

5            calculated to be $4,377.98 as of January 25, 2008;

6        c.  by failing to report and failing to pay employee fringe benefit

7            contributions (not reported, not paid) for the period August and

8            November, 2006 in the principal amount of $2,663.28;

9        d.  by failing to pay interest on the unpaid and delinquent employee fringe

10           benefit contributions, in an amount calculated to be $621.54 as of

11           January 25, 2008; and

12       e.  by failing to pay liquidated damages and interest on employee fringe

13           benefit contributions that were paid, but paid late, for the period May –

14           November, 2006 in the amount of $2,824.91 as of October 25, 2007.

15       14.    The aforesaid material breaches proximately caused damages to plaintiffs in the

16  following approximate amounts, all according to proof at trial: (a) for unpaid contributions

17  (reported, not paid) in the principal amount of $20,413.06 plus interest and liquidated damages

18  in the sum of $4,377.98 through January 25, 2008; (b) for unpaid contributions (not reported,

19  not paid) in the principal amount of $2,663.28 plus interest in the sum of $621.54 through

20  January 25, 2008; and (c) liquidated damages and interest on contributions paid, but paid late, in

21  the amount of $2,824.91 as of October 25, 2007. Interest will continue to accrue at the rate of

22  1.5% each month during the pendency of this lawsuit.

23       15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within

24  action.  Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs

25  request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of

26  the within action.

27       WHEREFORE, plaintiffs pray for judgment as set forth below.

28  / / /

AMENDED COMPLAINT FOR DAMAGES

1

2                              IV.  **SECOND CLAIM FOR RELIEF**

3                        **(Recovery of Unpaid Trust Fund Contributions)**

4                              **(ERISA §§ 502(g)(2), 515)**

5          16.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the

6    allegations contained in paragraphs 1-15 of this Complaint.

7          17.    ERISA Section 515, 29 U.S.C. §1145, requires defendants to make such

8    contributions to the plaintiff Trust Funds as are required under the terms of their collective

9    bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements,

10   plaintiffs are entitled to enforce defendants' obligations to make those contributions.

11         18.    Plaintiffs are informed and believe, and on that ground allege, that defendants

12   reported, but failed to pay all employee fringe benefit contributions (reported, not paid) into

13   each Trust Fund for the period November, December 2006, and January – June, 2007 in the

14   principal amount of $20,413.06 as of January 25, 2008.  Defendants are further obligated by the

15   provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid

16   contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of

17   $150.00 for each month that defendants failed to timely report and pay all employee fringe

18   benefit contributions into each Trust Fund.

19         19.    Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2),

20   plaintiffs are entitled to the following statutory relief:

21              (a)  Section 502(g)(2)(B): for contributions reported and not paid, an award of

22                   interest on the unpaid fringe benefit contributions at the rate of 1.5% per

23                   month, from the date of the delinquency, until the date of judgment,

24                   calculated to be $3,477.78 through January 25 2008; and

25              (b)  Section (g)(2)(C): the additional award of an amount equal to the greater of

26                   (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per

27                   month, from the date of the delinquency, until the date of judgment or;  (ii)

28                   liquidated damages under the Master Agreement and trust agreements of

                                AMENDED COMPLAINT FOR DAMAGES

1       $150.00 for each month that defendants failed to timely report and pay all

2       employee fringe benefit contributions into each Trust Fund, calculated to be

3       $3,477.78 through January 25 2008 for contributions not paid.

4       20.    Plaintiffs are informed and believe, and on that ground allege, that defendants

5  failed to report and failed to pay all employee fringe benefit contributions (not reported, not

6  paid) into each Trust Fund for the period August and November, 2006 in the principal amount

7  of $2,663.28 as of January 25, 2008.  Defendants are further obligated by the provisions of the

8  Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate

9  of 1.5% per month until paid and liquidated damages in the amount of $150.00 for each month

10 that defendants failed to timely report and pay all employee fringe benefit contributions into

11 each Trust Fund.

12      21.    Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2),

13 plaintiffs are entitled to the following statutory relief:

14      (c)  Section 502(g)(2)(B): for contributions not reported and not paid, an award

15          of interest on the unpaid fringe benefit contributions at the rate of 1.5% per

16          month, from the date of the delinquency, until the date of judgment,

17          calculated to be $621.54 through January 25 2008; and

18      (d)  Section (g)(2)(C): the additional award of an amount equal to the greater of

19          (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per

20          month, from the date of the delinquency, until the date of judgment or;  (ii)

21          liquidated damages under the Master Agreement and trust agreements of

22          $150.00 for each month that defendants failed to timely report and pay all

23          employee fringe benefit contributions into each Trust Fund, calculated to be

24          $621.54 through January 25 2008 for contributions not paid.

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES

1    22.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within

2    action.  Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D),

3    plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the

4    bringing of the within action.

5        WHEREFORE, plaintiffs pray for judgment as set forth below.

6

7        ## V.  **THIRD CLAIM FOR RELIEF**

8        **(Breach of Fiduciary Duty)**

9        **(ERISA §§ 409(a) and 502(a)(2))**

10    23.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the

11    allegations contained in paragraphs 1-22 of this Complaint.

12    24.    Pursuant to the trust agreements establishing the Trust Funds, the funds' assets

13    include employee fringe benefits contributions that are required to be made to the Trust Funds.

14    Employee fringe benefit contributions that are due and become delinquent are therefore assets of

15    the Trust Funds.

16    25.    Plaintiffs are informed and believe, and on that ground allege, that at all relevant

17    times, Rodney Eugene Scott was the sole owner, Responsible Managing Officer, CEO and

18    President of Concrete Surfacing Systems and as such, exercised authority or control over the

19    payment of the employee fringe benefit contributions required to be made to the Trust Funds by

20    Concrete Surfacing Systems and that Rodney Eugene Scott was a fiduciary as defined by

21    ERISA Section 3(21), 29 U.S.C. § 1002(21), and was therefore also a party in interest as defined

22    by  ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).  At all relevant times, defendant

23    Concrete Surfacing Systems was an employer whose employees were covered by the Trust

24    Funds' plans and was a party in interest within the meaning of ERISA Section 3(14)(C), 29

25    U.S.C. §  1002(4)(C).

26    26.    Plaintiffs are informed and believe, and on that ground allege, that defendant

27    Rodney Eugene Scott's role in Concrete Surfacing Systems'  failure to make the employee

28    fringe benefit contributions that became due to the Trust Funds constituted a breach of his

1   fiduciary duties, in that he failed to act for the exclusive purpose of providing benefits to

2   participants in the Trust Funds' plans and their beneficiaries, and instead dealt with these assets

3   of the Trust Funds in his own interest and/or in the interest of Concrete Surfacing Systems.

4   Plaintiffs are authorized to seek relief for this breach under ERISA Section 502(a)(2), 29 U.S.C.

5   § 1132(a)(2). As a result of said breaches, defendant Rodney Eugene Scott has become indebted

6   to plaintiffs as follows:

7            a.   by failing to pay all employee fringe benefit contributions

8                 reported (reported, not paid) into each Trust Fund for the period

9                 November, December 2006, and January – June, 2007 in the

10                principal amount of $20,413.06;

11           b.   by failing to pay interest and liquidated damages on the unpaid

12                and delinquent employee fringe benefit contributions, in an

13                amount calculated to be $4,377.78 as of January 25, 2008;

14           c.   by failing to report and failing to pay employee fringe benefit

15                contributions (not reported, not paid) for the period August and

16                November, 2006 in the principal amount of $2,663.28;

17           d.   by to pay interest on the unpaid and delinquent employee fringe

18                benefit contributions, in an amount calculated to be $621.54 as of

19                January 25, 2008; and

20           e.    by failing to pay liquidated damages and interest on employee

21                fringe benefit contributions that were paid, but paid late, for the

22                period May – November, 2006 in the amount of $2,824.91 as of

23                October 25, 2007.

24       The aforesaid material breaches proximately caused damages to plaintiffs in the

25   following approximate amounts, all according to proof at trial: (a) for unpaid contributions

26   (reported, not paid) in the principal amount of $20,413.06 plus interest and liquidated damages

27   in the sum of $4,377.98 through January 25, 2008; (b) for unpaid contributions (not reported,

28   not paid) in the principal amount of $2,663.28 plus interest in the sum of $621.54 through

1  January 25, 2008; and (c) liquidated damages and interest on contributions paid, but paid late, in

2  the amount of $2,824.91 as of October 25, 2007. Interest will continue to accrue at the rate of

3  1.5% each month during the pendency of this lawsuit.

4       27.    In addition, pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a), plaintiffs

5  request that the Court grant plaintiffs such further remedial relief as the court deems just and

6  proper.

7       WHEREFORE, plaintiffs pray for judgment as set forth below.

8  ## VI. FOURTH CLAIM FOR RELIEF

9  ### (Mandatory Injunction)

10  ### (ERISA § 502(g)(2)(E))

11       28.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the

12  allegations contained in paragraphs 1-27 of this Complaint.

13       29.    Pursuant to the terms and conditions of the Master Agreement and Trust

14  Agreements, defendants are required to allow the Trust Funds access to their books and records

15  to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of

16  their purposes, the obligation to ensure that contributions required to be made to the Trust Funds

17  are fully and correctly made. The purposes of the respective funds are to provide health and

18  welfare, vacation, pension and other benefits for laborers, retired laborers and other related

19  covered employees on whose behalf contributions are made, which benefits are supported by

20  such contributions, and to ensure that employers who are signatories to the collective bargaining

21  agreement referred to herein comply with the terms of the agreement with respect to the

22  payment of contributions to the Trust Funds.

23       30.    Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may

24  award such other legal or equitable relief as the Court deems appropriate, and pursuant to

25  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate

26  equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of

27  this Court ordering and requiring defendants to permit plaintiffs' auditor access to the books and

28

1  records of defendants, in order to permit plaintiffs to verify the precise amounts owed by

2  defendants to the Trust Funds.

3       31.   Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs

4  have no adequate legal remedy in that an audit of the books and records of defendants is the

5  only means to accurately verify the additional amounts owed by defendants to the Trust Funds.

6       WHEREFORE, plaintiffs pray for judgment as set forth below.

7  ## VII.  RELIEF REQUESTED

8       WHEREFORE, plaintiffs pray for judgment as follows:

9       1.   On the First Claim for Relief, for damages for breach of the collective bargaining

10  agreement for judgment against the defendants, and each of them, (a) for unpaid contributions

11  (reported, not paid) in the principal amount of $20,413.06 plus interest and liquidated damages

12  in the sum of $4,377.98 through January 25 2008; (b) for unpaid contributions (not reported, not

13  paid) in the principal amount of $2,663.28 plus interest and liquidated damages in the sum of

14  $621.54 through January 25, 2008; and (c) liquidated damages and interest on contributions

15  paid, but paid late, in the amount of $2,824.91 as of October 25, 2007, and such other or further

16  amounts as may be shown at trial and as may be discovered after plaintiffs have had the

17  opportunity to conduct an audit of defendants' books and records, for costs of suit, attorneys'

18  fees and for such other further relief as the Court may deem just and proper.

19       2.   On the Second Claim for Relief, for recovery under ERISA § 502(g)(2), 29 U.S.C.

20  § 1132(g)(2), for judgment against the defendants, and each of them, as follows: **Reported, not**

21  **Paid:** (a) under Section 502(g)(2)(A) - for unpaid contributions (reported, not paid) in the

22  principal amount of $20,413.06, according to proof at trial; (b) under Section 502(g)(2)(B) – an

23  award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from

24  the date of delinquency, until the date of judgment, calculated to be $3,477.98 as of January 25,

25  2008; and (c) under Section 502(g)(2)(C) – the additional award of an amount equal to the

26  greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month,

27  from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the

28  Master Agreement and trust agreements of $150.00 for each month that defendants failed to

1   timely report and pay all employee fringe benefit contributions into each Trust Funds, calculated

2   to be $3,477.98 as of January 25, 2008 and such other or further amounts as may be shown at

3   trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of

4   defendants' books and records, for costs of suit, attorneys' fees and for such other further relief

5   as the Court may deem just and proper; **Not Reported, Not paid:** (a) under Section

6   502(g)(2)(A) - for unpaid contributions (not reported, not paid) in the principal amount of

7   $2,663.28 according to proof at trial; (b) under Section 502(g)(2)(B) – an award of interest on

8   the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of

9   delinquency, until the date of judgment, calculated to be $621.54 as of January 25, 2008; and (c)

10   under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i)

11   interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of

12   delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement

13   and trust agreements of $150.00 for each month that defendants failed to timely report and pay

14   all employee fringe benefit contributions into each Trust Funds, calculated to be $621.54 as of

15   January 25, 2008 and such other or further amounts as may be shown at trial and as may be

16   discovered after plaintiffs have had the opportunity to conduct an audit of defendants' books

17   and records, for costs of suit, attorneys' fees and for such other further relief as the Court may

18   deem just and proper

19        3.    On the Third Claim for Relief, for breach of fiduciary duty under ERISA § 409(a),

20   29 U.S.C. § 1109(a), for judgment against defendant Rodney Eugene Scott, (a) for unpaid

21   contributions (reported, not paid) in the principal amount of $20,413.06 plus interest and

22   liquidated damages in the sum of $4,377.9878 through January 25, 2008; (b) for unpaid

23   contributions (not reported, not paid) in the principal amount of $2,663.28 plus interest and

24   liquidated damages in the sum of $621.54 through January 25, 2008; and (c) liquidated damages

25   and interest on contributions paid, but paid late, in the amount of $2,824.91 as of October 25,

26   2007, all additional accrued interest and liquidated damages, and such other or further amounts

27   as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to

28

– 12 –
AMENDED COMPLAINT FOR DAMAGES

1   conduct an audit of defendants' books and records, for costs of suit, attorneys' fees and for such

2   other further relief as the Court may deem just and proper.

3       4.   On the Fourth Claim for Relief, that defendants be compelled to forthwith submit to

4   an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of

5   defendants during business hours, at a reasonable time or times, and to allow said auditor to

6   examine and copy such books, records, papers and reports of defendants that are relevant to the

7   enforcement of the collective bargaining agreement and trust agreements, including, but not

8   limited to, the following for the period of September 28, 2005 through the present:

9           California Quarterly Report of Wages, Form DE-6; Federal Tax
            Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals;
10          Individual Earnings Records; Source Records, including time cards
            and time card summaries for all employees; contribution reports for
11          all trust funds; workers' compensation reports; certified payroll
            reports; personnel records indicating job classifications and
12          hire/termination dates; cash disbursement journal; vendor invoices;
            copies of subcontract agreements; cash receipts journal; general
13          ledger; job cost records; records of related entities; and any other
            books and records that may be necessary to complete the auditor's
14          determination or provide additional explanation.

15  DATED:  February 12, 2008

16

17                              BULLIVANT HOUSER BAILEY PC

18
                            By _____
19                              Ronald L. Richman
                                Susan J. Olson
20
                                Attorneys for Plaintiffs
21

22

23

24

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES